**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BITCO GENERAL INSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No.: 3:26-cv-96-NJR |
| v. | ) ) | |
| RED BUD SCHOOL DISTRICT #132; GRP MECHANICAL COMPANY, INC.; and COLE LIEFER, a minor, by and through his guardian, ERIN SIMPSON, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff BITCO General Insurance Corporation ("BITCO General"), pursuant to 28 U.S.C. §2201, *et seq.*, by and through its attorneys, BatesCarey LLP, and for its First Amended Complaint for Declaratory Judgment against all Defendants, alleges as follows:

**STATEMENT OF THE CASE**

1.      This is an action by BITCO General for a declaration that BITCO General has no current obligations to Defendant Red Bud School District #132 (the "School District") in connection with the underlying complaint filed against it by Cole Liefer, a minor, by and through his guardian, Erin Simpson (collectively, "the Underlying Plaintiffs") in the Circuit Court of Randolph County, Illinois, styled <u>Cole Liefer, a minor, by and through his guardian, Erin Simpson v. Red Bud School District #132</u>, Case No. 2025LA7 (the "Underlying Lawsuit").

**JURISDICTION AND VENUE**

2.      BITCO General is an Iowa corporation with its principal place of business in Davenport, Iowa and is authorized to transact business in the State of Illinois.

3.      Defendant School District is a public school District duly organized and existing under the laws of the State of Illinois, with its principal office located in Red Bud, Illinois.

4.      Defendant GRP Mechanical Company, Inc. ("GRP Mechanical") is an Illinois corporation with its principal place of business located in Bethalto, Illinois.  GRP Mechanical is named in this action solely as a potentially necessary party, and BITCO General is willing to dismiss GRP Mechanical if GRP Mechanical stipulates to be bound by the rulings of this Court in this action.

5.      Defendant Cole Liefer is a minor individual and a citizen of the State of Illinois domiciled in Ruma, Illinois and is represented by his guardian, Erin Simpson.  Cole Liefer is named in this action solely as a potentially necessary party, and BITCO General is willing to dismiss Cole Liefer if he, through his guardian, stipulates to be bound by the rulings of this Court in this action.

6.      Defendant Erin Simpson is an individual and citizen of the State of Illinois domiciled in Ruma, Illinois.  Erin Simpson is named in this action solely as a potentially necessary party, and BITCO General is willing to dismiss Erin Simpson if she stipulates to be bound by the rulings of this Court in this action.

**VENUE AND JURISDICTION**

7.      The Court has jurisdiction of the lawsuit under 28 U.S.C. § 1331, as this action arises under 28 U.S.C. § 1332(a)(1) because the amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest, costs and fees, and this action is between citizens of different States.

8.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because the

Underlying Lawsuit that is the subject of this action is venued in in this district.

## THE INSURANCE POLICY

9.      BITCO General issued the following Commercial Lines Policy to GRP

Mechanical ("BITCO General Policy"):

| Policy No. | Policy Period |
|---|---|
| CLP 3 726 483 B | 03/01/2023 to 03/01/2024 |

 A true and correct copy of the BITCO General Policy issued to GRP Mechanical is attached

 hereto as Exhibit A.

## BACKGROUND FACTS

10.      On or about April 11, 2025, the Underlying Plaintiffs filed a Complaint against

the School District in the Circuit Court of Randolph County, Illinois.  GRP Mechanical is not

named as a defendant in the Underlying Lawsuit.  A copy of the Complaint filed in the

Underlying Lawsuit is attached hereto as Exhibit B.

11.      In their Complaint, Underlying Plaintiffs allege that in the summer of 2024, the

School District became aware of significant deficiencies concerning the HVAC rooftop unit

system within the southern addition of Red Bud Elementary School.  These deficiencies allegedly

resulted in elevated humidity levels, conditions conducive to the proliferation of microbial

growth, including but not limited to mold.

12.      The Underlying Plaintiffs assert that visible manifestations of mold growth were

identified in multiple classrooms in the elementary school.

13. Underlying Plaintiffs allege that on July 10, 2024 an expert was retained to conduct a mold assessment of the school, and results indicated "alarmingly elevated levels of Aspergillus/Penicillium" in two of the classrooms.

14. Underlying Plaintiffs assert that Cole Liefer, who was a student at the elementary school, was subsequently diagnosed with Pediatric Acute-onset Neuropsychiatric Syndrome ("PANS"), a condition attributed to toxic exposure to black mold during the 2021-2022 school year. Cole's diagnosis has allegedly caused him severe physical and cognitive impairments, compromised his immune system, and rendered him susceptible to further health complications.

15. Underlying Plaintiffs allege that Cole's guardian, Erin Simpson, had to request family and medical leave to care for Cole. Erin Simpson is also alleged to have been tested for mold because she works at the elementary school, and her mold levels are also alleged to be extremely elevated, leading to her medical treatment as well.

16. On information and belief, the School District qualifies an insured or additional insured under policies issued by other insurance carriers.

17. For the reasons set forth in this Complaint, BITCO General is not obligated to and is not participating in the defense of the School District in the Underlying Lawsuit.

18. An actual controversy exists between BITCO General and all Defendants regarding whether BITCO General owes any current insurance coverage obligations to the School District in connection with the Underlying Lawsuit.

### COUNT I – DECLARATORY RELIEF – THE FUNGI OR BACTERIA EXCLUSION BARS COVERAGE

19. BITCO General repeats and incorporates by reference herein the allegations of Paragraphs 1 through 18 of this Complaint.

20. The BITCO General Policy contains the following insuring agreement:

4

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

See Ex. A at BITCO 000038.

21.    The BITCO General Policy contains a Fungi or Bacteria Exclusion endorsement (form CG 21 67 12 04) that states as follows:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**FUNGI OR BACTERIA EXCLUSION**

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**    The following exclusion is added to Paragraph **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability:**

   **2.    Exclusions**

                        *        *        *

   This insurance does not apply to:

   **Fungi Or Bacteria**

   **a.**    "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

   **b.**    Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria by any insured or by any other person or entity.

   This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

                        *        *        *

**C.**    The following definition is added to the **Definitions** Section:

5

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

\* \* \*

See Ex. A at BITCO 000101.

22. The entirety of the Underlying Lawsuit pertains to alleged injuries, damages and sickness sustained by the Underlying Plaintiffs resulting from their exposure to mold at the Red Bud Elementary School.

23. The Fungi or Bacteria Exclusion eliminates coverage for "'Bodily injury' or 'property damage' which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any 'fungi' or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage."

24. The Exclusion defines "fungi" as "any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi."

25. The allegations against the School District in the Underlying Lawsuit allege bodily injury and harm to the Underlying Plaintiffs which would not have occurred but for their exposure to mold within the elementary school.

26. Accordingly, all of the claims asserted against the School District in the Underlying Lawsuit are excluded from coverage by the Fungi or Bacteria Exclusion, and BITCO General can have no duty to defend or indemnify the School District in connection with the Underlying Lawsuit.

WHEREFORE, Plaintiff BITCO General Insurance Corporation respectfully requests that this Court enter a judgment:

6

(a)     declaring that the BITCO General has no obligation to defend or indemnify the School District with respect to the Underlying Lawsuit under the BITCO General Policy;

(b)     awarding BITCO General its attorneys' fees, costs, and disbursements in prosecuting this action; and

(c)     awarding all other and further relief as this Court deems just and proper.

## COUNT II – DECLARATORY RELIEF – IN THE ALTERNATIVE – VARIOUS POLICY PROVISIONS

27.     BITCO General repeats and incorporates by reference herein the allegations of Paragraphs 1 through 26 of this Complaint.

28.     In the alternative, the BITCO General Policy does not apply to provide insurance coverage to the School District for the Underlying Lawsuit, or any potential coverage would be limited, for one or more of the following reasons:

(a)     The insurance under the BITCO General Policy does not apply to any alleged "bodily injury" that would not have occurred, in whole or in part, but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time; or any loss, cost, or expense arising out of the remediating or in any way responding to or assessing the effects of "pollutants" by the School District or any other person or entity;

(b)     The BITCO General Policy is excess of all other insurance available to the School District under which the School District qualifies as an insured or additional insured; and

(c)     The School District's claim for coverage is barred, in whole or in part, by the other terms, conditions, exclusions, definitions, declarations, endorsements, and/or limitations contained in the BITCO General Policy.

7

WHEREFORE, in the alternative, Plaintiff BITCO General Insurance Corporation respectfully requests that this Court enter an order:

(a)    declaring that BITCO General has no obligation to defend or indemnify the School District with respect to the Underlying Lawsuit under the BITCO General Policy;

(b)    awarding BITCO General its attorneys' fees, costs, and disbursements in prosecuting this action; and

(c)    awarding all other and further relief as this Court deems just and proper.

Respectfully submitted,

BITCO GENERAL INSURANCE CORPORATION

By:    */s/ John A. Husmann*
One of Its Attorneys

John A. Husmann
ARDC# 6273392
Bonny S. Garcha
ARDC# 6270902
BatesCarey LLP
191 N. Wacker Drive
Suite 2400
Chicago, IL   60606
Telephone: (312) 762-3100
Facsimile:  (312) 762-3200

8912383

8